UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.Q.C.,<br><br>Petitioner,<br>v.<br><br>ANDRE QUINONES et al.,<br><br>Respondents. | CASE NO. 2:26-cv-04403-DGE<br><br>ORDER GRANTING MOTION TO PROCEED UNDER INITIALS (DKT. NO. 2) |

Before the Court is Petitioner's ex parte motion to proceed under initials. (Dkt. No. 2.) Petitioner requests this Court allow her to proceed in this action under her initials and also asks this Court to order the parties to identify her only by her initials in all public filings, with her full name and A-number redacted from those filings. (*Id.* at 1–2.) Having considered the motion and the record, the Court GRANTS the motion.

Although Federal Rule of Civil Procedure 10(a) generally contemplates parties will litigate under their real names, the Ninth Circuit recognizes that parties may proceed under pseudonyms in exceptional circumstances when their need for anonymity outweighs prejudice to

the opposing party and the public's interest in knowing their identities. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000).

In determining whether to permit a party to proceed anonymously, courts consider five factors: (1) the severity of the threatened harm; (2) the reasonableness of the party's fears; (3) the party's vulnerability to retaliation; (4) the prejudice to the opposing party; and (5) the public interest. *Id.* at 1068.

The first three factors weigh strongly in favor of anonymity. Petitioner is a named victim in a pending criminal prosecution involving kidnapping and sexual offenses. (Dkt. No. 2 at 2.) The same defendant was separately charged with conspiring with other inmates to have Petitioner killed. (*Id.*) Petitioner is an anticipated witness in both prosecutions. Petitioner informed ICE officers who arrested her she would be testifying, and ICE documented that statement in her Form I-213. (Dkt. No. 1-3 at 5.)

These circumstances establish a substantial and objectively reasonable concern for Petitioner's safety. The petition and its exhibits disclose Petitioner's immigration status, detention location, circumstances of arrest, and anticipated role as a witness. (*See* Dkt. Nos. 1; 1-3.) Publicly associating Petitioner's identity with this information would reveal where she is detained and that she remains a witness against an individual charged with conspiring to kill her. Given the nature of the threat and Petitioner's continued detention, the risk of harm is beyond mere speculation.

The fourth factor weighs in favor of anonymity. Respondents will know Petitioner's true identity and retain access to her A-number and information necessary to defend this habeas action. Permitting Petitioner to proceed using her initials will not impair Respondents' ability to litigate this matter.

The fifth factor also weighs in favor of anonymity. The public's interest in understanding this habeas proceeding and the Court's resolution of the issues presented does not require disclosure of Petitioner's full name or A-number. Public access to the substantive proceedings will remain intact, while the requested relief will protect Petitioner from an unnecessary and substantial risk to her safety.

Considering all five factors, the Court finds Petitioner's compelling interest in protecting her safety outweighs any prejudice to Respondents or the public's interest in disclosure of her identity and good cause exists to require redaction of additional information under Federal Rule of Civil Procedure 5.2(e)(1).

Accordingly, the Petitioner's motion is GRANTED. Petitioner may proceed in this action under the initials "M-Q-C-." The parties SHALL refer to Petitioner only by those initials in all public filings and SHALL redact her full name and A-number from public filings. Any party may file a document containing Petitioner's full name and A-number under seal or in redacted form.

Dated this 13th day of November, 2026.

David G. Estudillo
United States District Judge