UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.Q.C.,<br><br>Petitioner,<br>v.<br><br>ANDRE QUINONES et al.,<br><br>Respondents. | CASE NO. 2:26-cv-04403-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

On November 12, 2026, Petitioner filed a petition for writ of habeas corpus. (Dkt. No. 1.) The petition argues her arrest and continued detention violate her rights under the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. (*Id*. at 15–17.) She requests immediate release. (*Id*. at 18.)

On November 13, 2026, the Court issued a scheduling order instructing Respondents to "show cause why the writ of habeas corpus should not be granted." (Dkt. No. 3 at 1.) On November 23, 2026, Respondents filed an abbreviated return requesting "that this Court decide whether a writ should be granted based on the Petition and related filings." (Dkt. No. 6 at 1.)

Petitioner alleges three claims in support of habeas relief: arrest and detention without statutory authority, arrest before initiation of removal proceedings, and a due process violation. (Dkt. No. 1 at 15–17.) Federal Respondents offer no arguments to rebut Petitioner's claims. For the reasons identified by other courts in similar circumstances, the petition should be granted based on Federal Respondents' "failure to oppose the primary relief sought." *See Barrios Rojas v. Scott*, No. C26-4256-KKE, 2026 WL 3558396, at *1 (W.D. Wash. Nov. 19, 2026) (quoting *Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026)). "[T]he Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that [her] claim that [her] detention is without lawful authority is unrefuted." *Deroy*, 2026 WL 3132157, at *2.

The Court therefore GRANTS the petition (Dkt. No. 1) and ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.
3. Respondents shall return to Petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents (EADs).
4. Within FORTY-EIGHT (48) HOURS of this Order, Respondents SHALL file on the docket confirmation that Petitioner has been released from custody.

5. Petitioner seeks an award of fees. (Dkt. No. 1 at 18.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed no later than **February 22, 2027.**[1]

Dated this 24th day of November 2026.

David G. Estudillo
United States District Judge

[1] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223. *See Douangdala v. Bondi*, Case No. 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).